**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MATICIA A. HANKINSON,**

**Plaintiff,**

**v.**

**Case No. 2:18-cv-58**
**JUDGE JAMES L. GRAHAM**
**Chief Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Maticia A. Hankinson, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 16), Plaintiff's Reply (ECF No. 17), and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** under Sentence Four of § 405(g).

## I. BACKGROUND

In May 2014, Plaintiff filed an application for supplemental security income, and in July 2014, she applied for disability insurance benefits, alleging that she had been disabled since June 30, 2011. (R. at 84–85, 106–07, 166–73.) Plaintiff's applications were denied initially and upon reconsideration. (R. at 134–39, 141–45.) Plaintiff sought a *de novo* hearing before an

administrative law judge. (R. at 146–47.) Administrative Law Judge ("ALJ") Paul E. Yerian held a hearing on September 23, 2016, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 51–79.) On December 30, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 33–45.) On November 30, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1–6.) Plaintiff then timely commenced the instant action.

## II. RELEVANT MEDICAL RECORDS

On August 11, 2014, Cynthia Waggoner, Psy.D., a state-agency psychologist, reviewed Plaintiff's medical record. (R. at 91–93, 101–03.) Dr. Waggoner opined that Plaintiff was able to perform tasks that require no more than superficial social interactions, infrequent changes, and no strict production quotas. (R. at 92–93, 102–03.) Dr. Waggoner further opined that Plaintiff was able to perform simple, repetitive one to two step tasks. (R. at 92, 102.)

On November 8, 2014, Karen Terry, Ph.D., a state-agency psychologist, reviewed the medical record upon reconsideration. (R. at 116–18, 129–31.) Dr. Terry opined Plaintiff had, *inter alia*, the following restrictions:

> [C]lmt is able to perform simple, repetitive, one to two step tasks. . . .Claimant can relate superficially and minimally with others; however, she will perform optimally in a more solitary setting, where she doesn't have to work around large groups of people and she is not required to interact with the general public. . . . Clmt is able to perform tasks that require infrequent changes, no strict production quotas. Due to her anxiety, she should not be made to travel in unfamiliar places, frequently interact with unfamiliar others, or use public transportation as a part of her job duties.

(R. at 117–18, 130–31.)

## III. ADMINISTRATIVE DECISION

On December 30, 3016, the ALJ issued his decision. (R. at 33–45.) The ALJ found that Plaintiff met the special earnings requirements of the Social Security Act on the alleged onset date through December 31, 2016. (R. at 35.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since her alleged onset date of June 30, 2011. (*Id*.)

At step two, the ALJ concluded that Plaintiff had the following severe impairments: obesity, hypertension, an affective disorder, an anxiety disorder, and a personality disorder. (R. at 36.)

At step three of the sequential process, the ALJ concluded that that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 36–38.) At step four, the ALJ assessed Plaintiff's RFC as follows:

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels; however, she cannot climb ladders, ropes, or scaffolds and cannot work around hazards such as unprotected heights or dangerous machinery. Mentally, she can perform simple, repetitive tasks where there are infrequent changes in work duties or processes. Work tasks should not involve fast assembly line pace, strict production quotas, more than occasional contact with supervisors and coworkers, or direct interaction with the public.

(R. at 38.) In reaching this determination, the ALJ accorded "great weight" to the state agency consultants' mental assessments but accorded "very little weight" to the opinion of Plaintiff's treating psychiatrist, Dr. Eric Lane. (R. at 41–42.)

Relying on the VE's testimony, the ALJ determined that Plaintiff can perform jobs that exist in significant numbers in the national economy, including labeler/marker, racker, and surveillance system monitor. (R. at 43–44.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 45.)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V. ANALYSIS

Plaintiff advances two contentions of error. Plaintiff first asserts that the ALJ failed to give good reasons for discounting the findings of her treating psychiatrist, Dr. Layne. Plaintiff next contends that the ALJ's decision should be reversed because the ALJ failed to explain why the RFC failed to include limitations in the state agency consultants' mental assessments after the ALJ gave "great weight" to those findings.

Turning first to Plaintiff's second contention of error, the Commissioner contends that Plaintiff waived this argument because Plaintiff did not specify what restrictions were not accommodated by the RFC determination. (ECF No. 16 at 7.) The undersigned disagrees. A party waives an argument when "advert[ing] to [it] in a perfunctory manner, unaccompanied by some effort at developed argumentation[.]" *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (internal quotation marks and citations omitted). Here, Plaintiff did not waive her RFC argument. She identified appropriate legal authority and discussed record evidence to

support her position. (ECF No. 9 at 12–13.) *See Rivera v. Colvin*, No. 5:16-cv-00105, 2016 WL 6811041, at *15 (N.D. Ohio Nov. 2, 2016), *report and recommendation adopted* by 2016 WL 6804422 (N.D. Ohio Nov. 17, 2016) (finding no waiver where "Plaintiff provides the relevant legal standards and cites to record evidence to support her argument. The argument is not waived, and, on review of the arguments and the record, the undersigned concludes that the ALJ's credibility analysis is flawed").

Turning to the merits of Plaintiff's second contention of error, the RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). When considering the medical evidence and calculating the RFC, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08–CV–00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not interpret raw medical data in functional terms") (internal quotations omitted).

An ALJ is required to explain how the evidence supports the limitations that he or she set forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and

> describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

Here, as discussed above, the ALJ gave "great weight" to the state agency consultants' mental assessments. (R. at 42.) The ALJ specifically noted that "the assessments are generally consistent with and well supported by the evidence of the record as a whole and are accepted as an accurate representation of the claimant's mental status." (*Id*.) The ALJ, therefore, appeared to adopt the state-agency consultants' mental opinions in total. (*Id*.)

However, even though the ALJ gave "great weight" to these assessments and concluded that they were "consistent with" the record evidence, the ALJ did not include limitations regarding taking public transportation and travel to unfamiliar places. (R. at 38, 42.) Nowhere in his opinion does the ALJ explain why he failed to incorporate the state-agency physicians' limitations even though he gave their assessments great weight. While it is true that the ALJ "is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding[,]" *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009), the ALJ must nevertheless explain why he failed to include articulated limitations where he has found that the RFC is consistent with that medical opinion. *See, e.g., Howard v. Comm'r of Soc. Sec.*, No. 2:16-cv-1104, 2018 WL 852361, at *5–6 (S.D. Ohio Feb. 14, 2018) (recommending remand where, *inter alia*, ALJ "appeared to adopt Dr. Swearingen's opinion but failed to explain why he did not incorporate the limitations Dr. Swearingen assessed into Plaintiff's mental RFC") (collecting cases), *adopted by* 2018 WL 1136927 (S.D. Ohio Mar. 1, 2018); *Reed v. Comm'r of Soc. Sec.*, No. 1:16-cv-572, 2017 WL 1531872, at *6 (W.D. Mich. Apr. 28, 2017) (remanding case where, *inter alia*, "[t]he ALJ did not explain why he did not adopt this portion of the

opinion [doctor's opinion as to the plaintiff's limitations] despite giving it great weight"); *Kolasa v. Comm'r of Soc. Sec*., No. 13-cv-14311, 2015 WL 1119953, at *10 (E.D. Mich. Mar. 11, 2015) (remanding where, *inter alia*, the ALJ gave considerable weight to the state-agency consultant's opinion, "but he did not discuss why he omitted the occasional handling and fingering limitation and instead adopted the less restrictive frequent limitation, as required by SSR 96-8p"). The ALJ's failure to do so in this case renders this Court unable to assess the ALJ's reasoning and understand why he did not incorporate the state-agency physicians' limitations of public transportation and travel to unfamiliar places in his RFC. *See* S.S.R. 96–8p, 1996 WL 374184, at *6–7; *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).

The Commissioner, however, goes on to argue that the limitations "are clearly not applicable to the representative jobs listed[.]" (ECF No. 16 at 9 (citing R. at 38, 44).) The Commissioner specifically contends that "[t]here is no indication that the jobs of labeler/marker, racker, or surveillance system monitor would require the use public transportation as part of the job." (*Id*.) The Commissioner's argument is not well taken. The ALJ, after giving great weight to the state-agency consultants' mental assessments, failed to include these two limitations from those assessments and did not explain this omission. The ALJ's failure to include such limitations is not harmless error because based on this record, the Court cannot evaluate the ALJ's reasoning and accepting the Commissioner's attempt to explain this omission would result in the Court "engaging in *post hoc* rationalization, which is prohibited." *Miller v. Comm'r of Soc. Sec*., No. 1:13–CV–1872, 2014 WL 3950912, at *13 (N.D. Ohio Aug. 12, 2014) (remanding action where, *inter alia*, "the Court is unable to ascertain the ALJ's intent" because the ALJ "did not discuss her decision to omit the limitation" contained in a medical opinion to which the ALJ attributed "full weight"); *see also* S.S.R. 96-8p; *Owens v. Comm'r of Soc. Sec*., No. 1:17-cv-

2453, 2018 WL 6244435, at *3 (N.D. Ohio Nov. 29, 2018) (remanding case where, *inter alia*, the Commissioner engaged in *post hoc* rationalization when arguing "that the jobs identified by the VE had DOT numbers that provided for minimal interaction with others, while conceding the VE, ALJ, and counsel herself did not reference this in their respective testimony, decision, or brief"); *Davidson v. Comm'r of Soc. Sec.*, No. 3:16-cv-2794, 2018 WL 1453472, at *2 (N.D. Ohio Mar. 23, 2018) (stating that, where the failure of the ALJ to explain why he did not incorporate two limitations identified by a doctor "is all the more glaring, given that the ALJ afforded 'great weight' to" that doctor's opinion and that "the ALJ's failure to explain his decision deprived this court of a 'logical bridge between the evidence on the record and his conclusion'. . . and left the Commissioner, in her brief on the merits . . . to defend the ALJ's decision with impermissible, post-hoc rationalizations") (citations omitted); *Bookout v. Comm'r of Soc. Sec.*, No. 3:13-cv-463, 2014 WL 4450346, at *7 (E.D. Tenn. Sept. 10, 2014) (remanding case where, *inter alia*, "the ALJ adopted Dr. Fletcher's opinion in its entirety" but "ignored" certain limitations and stating that the ALJ "had a duty to explain" why she declined to adopt the limitations).[2]

## VI. CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence does not support the ALJ's decision denying benefits. Based on the foregoing, it is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** under Sentence Four of § 405(g).

[2] This finding obviates the need to for in-depth analysis of Plaintiff's remaining contention of error. The Court, however, encourages the Commissioner to address this contention if the Court ultimately remands the case.

## VIII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: December 9, 2019

s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE