IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Maticia A. Hankinson,

    Plaintiff,

    v.                        Case No. 2:18-cv-58

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Maticia A. Hankinson brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income. In a decision dated December 30, 2016, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of obesity, hypertension, an affective disorder, an anxiety disorder, and a personality disorder. R. 36. After considering the entire record, the ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform work at all exertional levels, and that

> [m]entally, she can perform simple, repetitive tasks where there are infrequent changes in work duties or processes. Work tasks should not involve fast assembly line pace, strict production quotas, more than occasional contact with supervisors and coworkers, or direct interaction with the public.

R. 38. After considering the testimony of a vocational expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled. R. 42-45.

This matter is before the court for consideration of the Commissioner's December 11, 2019, objections (Doc. 19) to the

December 9, 2019, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings. Plaintiff has filed a response to the objections. Doc. 20.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff advanced two grounds for reversal in her statement of errors: first, that the ALJ failed to give good reasons for discounting the opinion of her treating psychiatrist, Dr. Eric Layne; and second, that the ALJ erred in failing to explain why the mental RFC did not include certain limitations expressed in the opinion of a state agency consultant after giving that opinion great weight. The magistrate judge addressed only the second ground, concluding that it warranted reversing the Commissioner's decision and remanding the case for further proceedings before the ALJ. The Commissioner objects to the magistrate judge's recommendations.

In her August 11, 2014, report, Cynthia Waggoner, Psy.D., a state agency consultant, opined that plaintiff was able to perform simple, repetitive, one to two step tasks with infrequent changes, no strict production quotas, and no more than superficial social interactions. R. 92-93. In her November 8, 2014, report, Karen Terry, Ph.D., a state agency consultant, agreed with Dr. Wagonner's opinion, and expressed the additional mental limitations regarding plaintiff's capacity to work: "Due to her anxiety, she should not be made to travel in unfamiliar places, frequently interact with unfamiliar others, or use public transportation as a part of her job duties." R. 117-118. *See Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 563 (6th Cir. 2014)(the explanation section of the form reflects the doctor's actual findings).

The ALJ gave the mental assessments of the state agency consultants "great weight as the assessments are generally consistent with and well supported by the evidence of the record as a whole and are accepted as an accurate representation of the

claimant's mental status." R. 42. The RFC essentially incorporated most of the limitations posed by Drs. Waggoner and Terry. However, as the magistrate judge noted, the RFC did not include any limitations regarding using public transportation as a part of job duties and travel to unfamiliar places. Doc. 18, p. 7. The ALJ never stated that he did not agree with these travel restrictions posed by Dr. Terry, nor did he otherwise explain why he did not include these limitations in the RFC.

The court agrees with the reasoning of the magistrate judge. The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). An ALJ's decision to give weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by the medical source. *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013). "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

However, if the ALJ accepts a medical opinion but does not include a restriction recommended by that expert in the RFC, the ALJ must explain why he did not do so. Under SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996), the ALJ's RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p

4

further provides, "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* *See Davidson v. Comm'r of Soc. Sec.*, No. 3:16CV2794, 2018 WL 1453472, at *1-2 (N.D. Ohio Mar. 23, 2018)(remand warranted where the ALJ gave great weight to the opinion of a medical source but did not explain why he did not include two limitations identified by that expert in the RFC); *Howard v. Comm'r of Soc. Sec.*, No. 2:16-cv-1104, 2018 WL 852361, at *4-6 (S.D. Ohio Feb. 14, 2018)(recommending remand where the ALJ stated that the RFC was consistent with the opinion of the consultative examiner but did not explain why he did not incorporate all of the opined limitations in the RFC), *adopted by* 2018 WL 1336927 (S.D. Ohio Mar. 1, 2018); *Reed v. Comm'r of Soc. Sec.*, No. 1:16-CV-572, 2017 WL 1531872, at *6 (W.D. Mich. April 28, 2017)(remanding case where ALJ gave great weight to expert's RFC worksheet, but did not explain why he did not include restrictions on general public contact and limitations on contact with co-workers and supervisors in the RFC). The ALJ's failure to explain why the additional restrictions proposed by Dr. Terry were not included in the RFC "deprived this court of a 'logical bridge between the evidence on the record and his conclusion[.]'" *Davidson*, 2018 WL 1453472, at *2 (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)). The ALJ's decision does not allow for an adequate review by this court of why the ALJ omitted the travel restrictions from the RFC.

The Commissioner argues that the ALJ's failure to discuss the limitations on plaintiff traveling to unfamiliar places and using public transportation as part of her job duties was harmless error

5

because those limitations would not be applicable to the types of jobs identified by the vocational expert as being jobs which plaintiff can perform, specifically, labeler/marker, racker, and surveillance system monitor. The Commissioner is thereby inviting this court to perform a duty which is reserved to the ALJ. It is the ALJ, not the court, who must determine what jobs can be performed by plaintiff in light of her limitations. *See Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009). Any effort by this court to use other information in the record to explain the ALJ's failure to include those restrictions in plaintiff's RFC would constitute impermissible *post hoc* rationalization. *Kolasa v. Comm'r of Soc. Sec.*, No. 13-cv-14311, 2015 WL 1119953, at *10 (E.D. Mich. Mar. 11, 2015); *see also Miller v. Comm'r of Soc. Sec.*, No. 1:13-CV-1872, 2014 WL 3950912, at *13 (N.D. Ohio Aug. 12, 2014)(where the ALJ did not discuss her decision to omit a limitation from the RFC, court would engage in prohibited *post hoc* rationalization by relying on other evidence to explain the omission). In any event, the vocational expert was not asked about these travel restrictions at the hearing; thus, there is no evidence in the record as to whether or how the proposed travel restrictions would impact plaintiff's ability to perform the identified jobs.

The Commissioner's objections are not well taken and they are denied. Remand is warranted so that the ALJ can give further consideration to the proposed travel restrictions and explain why they should be or need not be included in the RFC. The court will not address plaintiff's first statement of error. However, the Commissioner is encouraged to further discuss the weight given to

the opinion of plaintiff's treating psychiatrist, Dr. Layne. Nothing in this court's decision should be construed as offering an opinion on the ultimate issue of whether plaintiff is disabled.

III. Conclusion

In accordance with the foregoing, the Commissioner's objections (Doc. 19) are denied. The court adopts the magistrate judge's report and recommendation (Doc. 18). The Commissioner's decision is reversed, and this action is remanded under Sentence Four of 42 U.S.C. §405(g) for further proceedings. The clerk shall enter final judgment reversing the decision of the Commissioner.

Date: January 16, 2020           s/James L. Graham
                                 James L. Graham
                                 United States District Judge